UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Ashland)

| | | |
|---|---|---|
| RODERICK WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 0: 19-131-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| JAMES GREEN, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendants Jarrod Bailey, Denise Kilburn and David Green have filed motions to dismiss the pro se Plaintiff Roderick Williams' Complaint. [Record Nos. 14, 17] Williams has responded to the motions and has also moved to amend his Complaint. [Record Nos. 24 and 26]. Bailey and Kilburn oppose the proposed amendment. [Record No. 25] These matters are fully briefed and ripe for decision.

Plaintiff Williams filed his original Complaint in December 2019. He alleges that he injured his right knee in November 2018 while playing basketball at the Eastern Kentucky Correctional Complex ("EKCC"). X-rays indicated that he suffered a fracture. Thereafter, Williams was taken to an outside hospital where his leg was placed in a splint. He was then housed at EKCC's medical department during recuperation.

Denise Kilburn is a nurse at EKCC's infirmary. Jarrod Bailey worked at EKCC as a physical therapist. Williams alleges that Kilburn and other medical staff provided

minimal medical care and often did not give him pain medication in a timely manner. After approximately one month, staff granted Williams's request to be returned to general population at EKCC. Williams indicates that he was assigned to a second-floor dormitory, notwithstanding a medical order to assign him to the bottom floor. Williams received physical therapy from Jarrod Bailey twice weekly for the next nine months. According to Williams, he complained of ongoing pain. However, the plaintiff alleges that Bailey indicated that it was likely caused by arthritis. And Bailey did not agree to submit a request to have a MRI performed when requested.

A MRI was later performed in September 2019 which indicated that Williams had suffered a torn anterior cruciate ligament, torn meniscus and cartilage damage. Williams characterizes the medical care he received as "negligent" and sues each defendant in his or her individual and official capacity for damages. Williams has added EKCC Warden David Green as a defendant but makes no specific allegations against him. [Record No. 1] In a prior Order, the Court dismissed the official capacity claims against all defendants following initial screening. However, process was directed to be completed upon the defendants in their individual capacities. [Record No. 9]

Each defendant then moved to dismiss the Complaint for failure to state a claim upon which relief could be granted. [Record Nos. 14, 17] Williams responded by filing a motion to amend his Complaint. [Record No. 19] The Court denied that motion without prejudice because Williams did not tender a proposed Amended Complaint. The Court also noted that any Amended Complaint "must be cumulative and include all of his

allegations, claims, and defendants – both old and new – in a single document." [Record No. 20] Thereafter, Williams tendered an Amended Complaint. [Record No. 21] That pleading, however, was stricken based on Williams failure to comply with the Court's prior directions. Among other things, Williams incorporated by reference the entirety of his original Complaint into his proposed Amended Complaint, thus attempting to circumvent the requirement that an Amended Complaint replace the original Complaint rather than merely supplement it. The Court then granted Williams one last chance to amend his Complaint. Williams was directed to use an approved Complaint form. Further, Williams was expressly directed that he "may not provide minimal information on the Court's Complaint form and simply attach or incorporate documents he has filed earlier by reference." [Record No. 23]

Williams has now filed a motion to amend his Complaint accompanied by the proposed Amended Complaint. [Record No. 24] Defendants Kilburn and Bailey oppose the motion to amend as futile, contending that the tendered Amended Complaint is also subject to dismissal for failure to state a claim. [Record No. 25]

The Court will deny Williams's motion to amend because he has again disregarded clear directions. More specifically, while Williams has completed the Court-approved Complaint form, contrary to prior directions, he sets forth the bulk of his allegations by simply attaching his previously-tendered Amended Complaint [Record No. 19] to his new proposed Amended Complaint [Record No. 24-1 at 3-8]. The Court acknowledges that the Complaint form provides limited space to set forth factual allegations. That is why

Williams was directed to "attach additional documents or exhibits if there is insufficient space on the form" while cautioning that "he may not provide minimal information on the Court's Complaint form." [Record No. 23 at 2]

By failing or refusing to follow the Court's prior Order and simply re-attaching the previously-rejected Amended Complaint, Williams's proposed Amended Complaint suffers from the exact defect as its predecessor: it impermissibly incorporates the entirety of his original Complaint by reference. [Record No. 24-1 at 7] The Court, therefore, will deny Williams's motion to amend his Complaint. See *Johnson v. Brown*, 581 F. App'x 777, 780 n.2 (11th Cir. 2014) (holding that district court may require a plaintiff to file an amended pleading that does not incorporate prior pleadings by reference in order to avoid the confusion caused by piecemeal assertion of allegations and claims).

Warden David Green moves to dismiss the Complaint because it does not include any factual allegations against him. More specifically, it is devoid of any allegation that he was personally involved in either Williams's medical care or his placement within the prison. [Record No. 17] Williams counters that he wrote a letter to Warden Green complaining that he had not been assigned to a bottom floor dormitory. [Record Nos. 26 at 2, 24-2 at 1] In reply, the defendants correctly note that because a motion to dismiss tests the sufficiency of the allegations contained *in the Complaint*, the Court must disregard new allegations made by Williams for the first time in his response to the motion to dismiss. [*See* Record No. 27 at 2-3 (citing *Ross v. PennyMac Loan Servs. LLC*, 761 F. App'x 491, 494, 496 (6th Cir. 2019).]

The claims against Warden Green will be dismissed pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure. Williams's original Complaint contains no factual allegations concerning the warden and fails to satisfy Rule 8's requirement that it include a short and plain statement of the grounds for relief against him. *Grinter v. Knight*, 532 F. 3d 567, 577 (6th Cir. 2008). Nor does the fact that Williams sent a letter to the warden (referenced for the first time in the rejected Amended Complaint) suffice to state a claim against Green. In civil rights actions, a supervisor is not liable for his subordinates merely because of his authority to direct their actions. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) ("In a § 1983 suit or a *Bivens* action - where masters do not answer for the torts of their servants - the term 'supervisory liability' is a misnomer."); *Polk County v. Dodson*, 454 U.S. 312, 325-26 (1981) (noting that *respondeat superior* is not an available theory of liability in the civil rights context).

To state a viable claim against a supervisory official, a plaintiff must allege that the official participated directly in the conduct that is the subject of the plaintiff's complaints. *Wingo v. Tenn. Dept. of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984) ("There must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it."); *Hays v. Jefferson Co., Ky.*, 668 F.2d 869, 872-74 (6th Cir. 1982) ("[L]iability of supervisory personnel must be based on more than merely the right to control employees."). Sending a letter to a supervisory official advising him of a problem does not, without more, render the official liable for the misconduct of subordinates. *Lillard v. Shelby Co. Bd. of*

*Educ.*, 76 F. 3d 716, 728 (6th Cir. 1996) ("As *Bellamy* makes clear, simply having some incidents of harassment brought to the attention of supervisory defendants is not sufficient to make them liable under section 1983."). Based on this authority, the claims against Warden Green will be dismissed.

Nurse Kilburn also moves to dismiss the claims asserted against her. She contends that Williams' allegations fail to state an Eighth Amendment claim for deliberate indifference to his serious medical needs. [Record No. 14 at 4-6] The Court liberally construes Williams's allegations at this juncture. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012). He alleges that, while Kilburn established a regimen for his pain medication, she and her staff "did the absolute minimum when it came to providing medical attention," and he was often given medication one to two hours after he was scheduled to receive it. Williams further alleges that someone (he does not indicate who) assigned him to a second-floor dormitory notwithstanding a medical order from Kilburn to house him on the bottom floor. [Record No. 1 at 4-5]

Williams's allegations against Kilburn fail to state a claim under the Eighth Amendment to the United States Constitution. To adequately plead a claim of deliberate indifference, a prisoner must allege both a sufficiently serious medical need and facts showing that "the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005) (quoting *Comstock v. McCrary*, 273 F.3d 693, 607 (6th Cir. 2001)). For instance, knowing and

culpable disregard for an inmate's well-being can be shown where an official intentionally denies or delays access to medical care or intentionally interferes with the treatment once prescribed. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991); *Arnett v. Webster*, 658 F. 3d 742, 751 (7th Cir. 2011) ("Deliberate indifference is more than negligence and approaches intentional wrongdoing.").

Williams alleges that unidentified medical staff often gave him pain medication an hour or so late, but he does not allege that the staff (or Kilburn) did so intentionally. Indeed, in both his inmate grievances and in his Complaint Williams himself repeatedly characterizes the conduct of medical staff as "neglectful" or "negligent", not deliberate or reckless. [Record Nos. 1 at 4-5, 1-1 at 2] While an egregious and unwarranted delay in providing medication needed to address severe pain may be actionable, minor administrative delays in the receipt of pain medication for more mundane injuries are insufficient to state a claim of deliberate indifference under the Eighth Amendment. *Cf. Burton v. Downey*, 805 F. 3d 776, 785 (7th Cir. 2015) (two-day delay in receiving pain medication insufficient to state a claim under the Eighth Amendment); *Kenyon v. Dooley*, 605 F. App'x 581, 582 (8th Cir. 2015) (same).

Next, the Court notes that Williams does not allege or suggest that Kilburn, a nurse, had the authority to assign him to a particular floor in the prison. Instead, he claims that other officers at EKCC failed to heed her direction that he be housed on the bottom floor.

The Court also notes that verbal abuse or "disrespect" is not sufficient to state an Eighth Amendment claim: derogatory or abusive comments from guards are

unprofessional and cannot be condoned, but they do not violate an inmate's constitutional rights. *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) (*per curiam*); *Johnson v. Unknown Dellatifa*, 357 F. 3d 539, 546 (6th Cir. 2004) (holding that "harassment and verbal abuse ... do not constitute the type of infliction of pain that the Eighth Amendment prohibits.").

Jarrod Bailey also seeks dismissal of the claims made against him. Bailey provided physical therapy to Williams twice a week for approximately nine months. During this period, Williams "felt progress but something didn't feel right and the pain was as if the injury happen a week before." Williams states that, despite his expressions of concern, Bailey nonetheless refused his repeated requests to have a MRI performed for months. [Record No. 1 at 5] Bailey moves for dismissal on the ground that Williams received ample medical treatment over this extended period, and contends that Williams' mere disagreement with its efficacy is insufficient to establish deliberate indifference. [Record No. 14 at 7-8]

At this stage of the proceedings, Williams has adequately stated a claim for relief under the Eighth Amendment against Defendant Bailey. It is true, of course, that "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law." *Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004). However, at this juncture, the Court does not test the sufficiency of the evidence that the plaintiff already has (or may be able to gather through discovery) in support of his claims. Rather, the Court examines the

sufficiency of the allegations contained in the Complaint. *Lyons v. Brandly*, 430 F. App'x 377, 379-81 (6th Cir. 2011).

The fact that some medical care has been provided to an inmate does not automatically insulate the provider from liability under the Eighth Amendment. For instance, where the medical care is obviously insufficient to address the prisoner's health problems, a plaintiff may be able to establish that the physician acted with deliberate indifference by "consciously exposing the patient to an excessive risk of serious harm." *Quigley v. Tuong Vinh Thai*, 707 F. 3d 675, 682 (6th Cir. 2013) (quoting *LeMarbe v. Wisneski*, 266 F.3d 429, 439 (6th Cir. 2001)); see also *Sherrod v. Lingle*, 223 F.3d 605, 611-12 (7th Cir. 2000) ("If knowing that a patient faces a serious risk of appendicitis, the prison official gives the patient an aspirin and an enema and sends him back to his cell, a jury could find deliberate indifference although the prisoner was not 'simply ignored.'"). Here, the allegations in Williams's Complaint suggest that it may have been apparent to Bailey that the medical care provided to Williams was insufficient or that something was amiss. Based on Williams' factual assertions, and at this preliminary stage, the claims are sufficient to state a viable claim against Bailey. Based on the foregoing, the Court will deny Defendant Bailey's motion to dismiss the claims asserted against him and will direct that he file an Answer to the Complaint within twenty-one days.

Finally, the undersigned notes that pro se prisoner actions are exempt from the initial disclosure requirements of Rule 26(a) of the Federal Rules of Civil Procedure, see Fed. R. Civ. P. 26(a)(1)(B)(iv), and this Court exempts such matters from the scheduling order

requirement of Rule 16(b). *See* Local Rule 16.1(c). The Court, therefore, will direct that this matter be assigned to a United States Magistrate Judge for pretrial management pursuant to 28 U.S.C. § 636(b). Accordingly, it is hereby

**ORDERED** as follows:

1. Plaintiff Roderick Williams' Motion for Leave to File Amended Complaint [Record No. 24] is **DENIED**.

2. By previous Order [Record No. 23], the Court granted the defendants' earlier-filed motion to strike [Record No. 22] Plaintiff Williams proposed Amended Complaint [Record No. 21]. The Clerk of the Court is **DIRECTED** to terminate the motion to strike [Record No.22] as pending.

3. The Motion to Dismiss filed by Defendant James Green [Record No. 17] is **GRANTED** and the claims against this defendant are **DISMISSED**.

4. The Motion to Dismiss filed by Defendants Denise Kilburn and Jarrod Bailey [Record No. 14] is **GRANTED** as to Defendant Kilburn but **DENIED** as to Defendant Bailey. The claims against Kilburn are **DISMISSED**.

5. Defendant Jarrod Bailey is directed to file an Answer to the Complaint within twenty-one (21) days.

6. This matter is referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) to conduct all pretrial proceedings, including preparing proposed findings of fact and conclusions of law on any dispositive motions. The Clerk of the Court is directed to make the appropriate assignment.

Dated: April 14, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky