UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Ashland)

| | | |
|---|---|---|
| RODERICK WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 0: 19-131-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| JAMES GREEN, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Roderick Williams filed this action against several employees at the Eastern Kentucky Correctional Complex ("EKCC"), alleging violations of his Eighth Amendment rights due to insufficient medical care. [Record No. 1] Only Jarrod Bailey, a physical therapist at EKCC, remains a party in his individual and official capacity. [Record No. 28] At the conclusion of the pleadings stage, this matter was assigned to United States Magistrate Judge Matthew A. Stinnett to supervise all pre-trial proceedings. [Record No. 28] Bailey has now filed a motion for summary judgment [Record No. 35]; however, Roderick has not responded.

In accordance with 28 U.S.C. § 636(b)(1)(B), Magistrate Judge Stinnett issued a Report and Recommendation on February 1, 2021. [Record No. 40] In relevant part, he recommended that Bailey's motion be granted for two reasons: Williams failed to exhaust his administrative remedies because he did not name Bailey in his grievance and, alternatively, no reasonable jury could find that Bailey was deliberately indifferent to Williams' serious medical need. [*Id.*] Neither party has filed objections to the report and recommendation. Thus, *de novo* review is not required by Section 636(b)(1)(C). *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does

not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). However, the Court has conducted *de novo* review, and it agrees that Bailey's motion for summary judgment should be granted.

I.

Williams' allegations stem from Bailey's treatment of a knee injury he purportedly suffered while playing basketball at EKCC. [Record No. 1, pp. 4–5] He claims that, after undergoing an X-ray and being told he had suffered "a fracture[d] chip bone," he was admitted to EKCC's infirmary on November 28, 2018. [*Id.* at p. 4] Following release from the infirmary, he saw Bailey two times each week for physical therapy appointments. [*Id.* at p. 5] The appointments took place between January 10 and February 28, 2019. [Record No. 37]

Williams claims that, during physical therapy, he told Bailey that he "felt progress but something didn't feel right and the pain was as if the injury happened a week before." [Record No. 1, p. 5] He requested that an MRI be performed multiple times, but contends that Bailey refused for two reasons: (1) Williams had "arthritis" and (2) the doctor "doesn't like approving these requests for an 'MRI' because [of] the fees and costs." [*Id.*] The MRI was eventually performed on September 17, 2019, and it revealed a torn ACL, torn meniscus, and cartilage damage. [*Id.*]

After receiving the results of his MRI, on September 19, 2019, Williams filed an inmate grievance form alleging that he had not received adequate medical treatment. [Record No. 1-1, p. 8] His grievance was informally resolved after EKCC referred Williams to an orthopedic

surgeon on October 14, 2019.  [*Id.* at p. 4] He was seen by the orthopedic surgeon on October 29, 2019.  [*Id.* at p. 6] Williams brought this action on December 16, 2019.  [Record No. 1]

## II.

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).  The court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986).  The moving party bears the burden of demonstrating the absence of a genuine issue of material fact.  *Celotex Corp.*, 477 U.S. at 317. "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient" to overcome the absence of a genuine issue.  *Anderson*, 477 U.S. at 252.  And in reviewing the motion, all evidence is viewed in the light most favorable to the nonmoving party, and the Court draws inferences in its favor.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### A.  PLRA Administrative Exhaustion

Bailey has established that Williams failed to exhaust his administrative remedies. Under the Prison Litigation Reform Act ("PLRA"), a prisoner must exhaust all administrative remedies before bringing an action challenging prison conditions.  42 U.S.C. § 1997e(a). Under the PLRA, failure to exhaust "is an affirmative defense on which the defendant bears the burden of proof."  *Vandiver v. Corr. Med. Servs.*, 326 F. App'x 885, 888 (6th Cir. 2009) (citing *Jones v. Bock*, 549 U.S. 199, 216 (2007)).

"The PLRA's exhaustion requirement is mandatory." *Anderson v. Jutzy*, 175 F. Supp. 3d 781, 785 (E.D. Mich. 2016) (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Booth v. Churner*, 532 U.S. 731, 741 (2001)). And exhaustion under the PLRA must be "proper exhaustion," which requires "compliance with an agency's deadlines and other critical procedural rules . . ." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006); *see also Jones*, 549 U.S. at 218 ("Compliance with prison grievance procedures . . . is all that is required by the PLRA to 'properly exhaust.'").

Those critical procedural rules "will vary from system and system and claim to claim" because "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones*, 549 U.S. at 218. Bailey has identified the EKCC grievance policy in effect when Williams filed his grievance. [Record No. 35-4] It states that the "grievant shall include all aspects of the issue and identify all individuals in the 'Brief Statement of the Problem' section of the written grievance so that all problems concerning the issue or individuals may be dealt with during step 1." [*Id.* at 9] Williams mentions on his grievance form an interaction with "physical therapy," but does not name Bailey. [Record No. 35-3, p. 12] Accordingly, Williams did not comply with EKCC's procedural rules and did not exhaust his administrative remedies.

### B.  Eighth Amendment

Bailey has also shown that he is entitled to summary judgment on the substance of Williams' claims. A prison official may violate the Eighth Amendment by "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A plaintiff must demonstrate both an objective component and a subjective

component. *Richmond v. Huq*, 885 F.3d 928, 937–39 (6th Cir. 2018). The objective component requires a plaintiff to show that the medical condition was serious, and the subjective component requires a plaintiff to show that the official knew of and ignored a risk to the inmate's health. *Id.* Bailey does not argue that Williams cannot satisfy the objective component.

Satisfaction of the subjective component "requires a degree of culpability greater than mere negligence, but less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Miller v. Calhoun Cty.*, 408 F.3d 803, 813 (6th Cir. 2005) (citations omitted). Under this standard, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 838 (1994). Additionally, matters subject to medical judgment are not sufficient to meet this component. *See Estelle*, 429 U.S. at 107 ("A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment.").

Here, Bailey has provided evidence to show that he was not deliberately indifferent to Williams' medical needs. Rather, he determined that an MRI was not necessary based on Williams' own assertion that he was improving and his observation of Williams' condition at physical therapy. [Record No. 37, p. 108] This treatment was adequate under the circumstances, and the decision not to order an MRI for Williams does not amount to deliberate indifference. Additionally, Williams has failed to respond to Bailey's motion and has offered no evidence to dispute the facts contained in his medical records. Without any additional evidence, Williams cannot establish a genuine issue of material fact in this matter.

### III.

Accordingly, it is hereby

**ORDERED** as follows:

1. The Report and Recommendation filed by United States Magistrate Judge Matthew A. Stinnett on February 1, 2021 [Record No. 40] is **ADOPTED** and **INCORPRATED** by reference.

2. Defendant Jarrod Bailey's motion for summary judgment [Record No. 35] is **GRANTED**.

Dated: February 25, 2021.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky